# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HAKEEM SALEEM AL-AMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 2212 |
| ) | |
| SERGEANT WONDOLOWSKI, ) | Wayne R. Andersen |
| OFFICER HORVATH, OFFICER ) | District Judge |
| JASUDOWICZ, B&R TOWING, LLC, ) | |
| and MAYOR CHESTER STRANCZEK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on defendants' motion to dismiss [21]. Plaintiff Hakeem Al-Amin has filed a motion for extension of time to respond to the motions to dismiss [35] and also has filed a motion to show why his claims should not be dismissed [33]. Although plaintiff has asked for additional to time to file a response, he has provided some argument and response to the motions to dismiss in his motion to show why his claims should not be dismissed. For all of the following reasons, the motion to dismiss is granted, and plaintiff's motion for additional time [35] and motion to show why his claims should not be dismissed [33] are denied.

## BACKGROUND

Plaintiff Hakeem Al-Amin filed a pro se complaint pursuant to 42 U.S.C. § 1983 against defendants Sergeant Wondolowski, Officer Horvath, Officer Jasudowicz, Mayor Chester Stranczek and B&R Towing in which he seeks recovery for damages he allegedly sustained as the result of an arrest that occurred on April 14, 2006. Defendant B&R Towing has settled with plaintiff.

Plaintiff alleges that he was the subject of a traffic stop and arrested on April 14, 2006. He alleges that he was incarcerated for five months in Cook County jail and released on September 28, 2006. Plaintiff also alleges that upon his arrest, his vehicle was impounded by defendant B&R Towing and that at some point during his incarceration, his family made an unsuccessful attempt to retrieve his car from the pound. Plaintiff alleges that additional attempts were made but he does not identify the individuals who attempted to get the car nor the dates on which the attempts were made.

## STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Federal courts recognize that when the existence of a valid affirmative defense is plain on the face of a complaint, a district court need not wait for an answer before dismissing the complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Circuit 2002). A litigant who pleads facts which show that his claim is barred, or otherwise without merits, has pled himself out of court. *Tregenza v. Great American Communications Co.*, 12 F.3d 718 (7th Cir.1993).

While there is no express statue of limitations contained in Section 1983, the governing limitation period is the forum state's statue of limitation for personal injury claims. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). In Illinois, the appropriate statue of limitations for plaintiff's federal claims is two years. With respect to state law claims, the statute of limitations governing claims asserted against municipalities and/or their agents and employees is one year. *See* 745 ILCS 10/8-101.

## ANALYSIS

Taking plaintiff's allegations as true, plaintiff was arrested on April 14, 2006, incarcerated for five months, and released on September 28, 2006. Plaintiff alleges that he was unlawfully arrested and detained. Plaintiff claims that upon his arrest, his vehicle was impounded and that at some point during his incarceration, his family made an unsuccessful attempt to retrieve his car. He also asserts a claim of discrimination.

Plaintiff's federal claims are governed by the Illinois two year personal injury statute of limitations. As a result, the claims he seeks to assert against defendants are time barred because the statute of limitations for filing a Section 1983 for false arrest and discrimination claim under federal law expired on April 14, 2008. Plaintiff filed his complaint on April 10, 2009, nearly three years after his arrest and detention. As a result, plaintiff's claims should be dismissed.

Should plaintiff attempt to argue that his claims are brought under state law, dismissal still is proper because the complaint's allegations clearly and unambiguously show that his claims are time barred under state law as well. Any state law claim for false arrest or false imprisonment would have to have been filed on or before April 14, 2007. To the extent that plaintiff is attempting to allege a state law malicious prosecution claim, the statue of limitations expired on September 28, 2007.

Plaintiff argues that his complaint should not be dismissed because he erroneously believed that the statute of limitations was three years based on alleged conversations he had with an attorney. He also argues that the statute of limitations should be tolled as a result of this misunderstanding and for the additional reason that he is pro se and the court denied his request for the appointment of counsel.

None of these arguments save plaintiff's complaint from dismissal. There is no constitutional or statutory right to counsel in federal civil cases. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The factual and legal issues in this case were not unusually complex, and there was no indication that plaintiff was incapable of representing himself. Even if this court had appointed counsel, plaintiff's complaint still would not have survived defendants' motions to dismiss because the statute of limitations had already expired at the time plaintiff filed his complaint and requested the court to appoint an attorney.

**CONCLUSION**

Taking all of allegations in plaintiff's complaint as true, plaintiff is not able to state a claim for relief. Defendants' motion to dismiss [21] is granted, and plaintiff's motion for additional time [35] and motion to show why his claims should not be dismissed [33] are denied. Plaintiff's complaint is dismissed with prejudice. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: January 15, 2010