# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| HAKEEM S. AL-AMIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 09 C 2212 |
|  | ) Wayne R. Andersen |
| FORREST WONDOLOWSKI, et al., | ) District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

This matter is before the Court on Remand from the United States Court of Appeals for the Seventh Circuit for the limited purpose of ruling on Plaintiff Al-Amin's motion to extend time to appeal under Fed. R. App. P. 4(a)(5). For the following reasons, Plaintiff's motion is GRANTED.

On April 10, 2009, Plaintiff, appearing *pro se*, filed a complaint against Defendants. On January 15, 2010, Plaintiff's complaint was dismissed, *ex parte*, on statute of limitations grounds. Docket Nos. 40, 41. According to Plaintiff, Plaintiff received notice of the decision by mail on January 22, 2010. On February 22, Plaintiff filed a Notice of Appeal and on March 8, 2010, Plaintiff filed a motion to extend time to appeal under Fed. R. App. P. 4(a)(5).

The Federal Rules of Appellate Procedure 4(a) provides that notice of an appeal must be filed within thirty days after the judgment. Fed. R. App. P. (4)(a)(1)(A). Although Plaintiff missed the deadline for filing his notice of appeal by six days, he had thirty days from the February 15, 2010 deadline to file a motion for an extension of time. Fed. R. App. P.

4(a)(5)(A)(i). The District Court may extend the time to file a notice of appeal in a civil case if: (1) a party moves for an extension within 60 days of the judgment to be appealed; and (2) that party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). In order to succeed on such a motion, Plaintiff is required to demonstrate "excusable neglect or good cause" for the tardy filing. Fed. R. App. P. 4(a)(5)(A)(ii). A court should consider four factors when determining the existence of excusable neglect: (1) the danger of prejudice to the appellee; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the defendant; and (4) whether the appellant acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

      The Plaintiff claims that the error in his filing was the result of a failure to understand the rules of procedure. Having not been at the ruling and being unaware that the notice of appeal had to be filed within 30 days thereof, the plaintiff mistakenly believed that the 30 day deadline began when he received notice on January 22, 2010. Under this mistaken belief, he filed his notice of appeal within 30 days of January 22, 2010, rather than within 30 days of the ruling. He filed his subsequent motion for extension of time on March 8, just barely under the 60 day deadline. While the Plaintiff's mistakes may have been the result of a genuinely held but mistaken belief, it is generally held that "inadvertence, ignorance of rules, or mistakes construing the rules do not usually constitute excusable neglect." Id. at 392. However, it is also the case that "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation omitted). Given the Plaintiff's actions—filing the notice six days late, but within 30 days of receiving notice of the ruling, and filing the extension so near to the 60 day

deadline—the Plaintiff demonstrated an effort to comply with the rules. The out of order and untimely filings, although neglectful, are excusable in light of the plaintiff's *pro se* status and his effort to follow the rules.

Therefore, the Plaintiff's motion is GRANTED.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: June 2, 2010